Hail, Judge.
It appears from the evidence offered in this case, that at the time the subscribing witness attested the deed of trust, Greecij who executed it, and JVbjTom, one of the creditors in whose favor the deed was-given, were present. The deed must havebeen delivered to Norcom, or retained by Greecij. If it was retained by Creecy, until it was offered for probate, it was not. executed by him until that time. Therefore it cannot prevail against Collins. But if it was delivered to Mor.com, it must be understood, that he received it as the agent of Moore. And if Moore has assented to such delivery, the deed must be taken to have been executed when the delivery was made to Norcom. Now which is most reasonable to presume did happen ? If the deed was retained by Creecy, the signing and sealing of it by him, and having it attested by a subscribing witness amounted to nothing. The parties afterwards, were in the same situation as they were before the transaction took place. Is it credible, that the parties intended this ? Morcom was interested in the transfer of the property; more so than Moore, the trustee. Was it not more likely that the deed should be delivered to him for safe keeping, than that it should be left in the hands of Creecy ? Why was a witness called, why -was any thing done at the time, if a transfer of the property was not contemplated ? I therefore coincide in opinion, with the judge of the superior court, that the circumstantial evidence was of such a character that it was proper to submit the question to *135 ílió jury, whether the clce.il had been delivered prior to the teste of Collins’ fi.fa. If it was so delivered to Moore, (here is an end of the question as to its execution. If it was delivered to Norcom as his agent, such delivery was also good. It is laid down in Whelpdale’s case (5 Rep. 119) that if an obligation be delivered to another to the use of the obligee, and the same is tendered to him, and lie refuses, then the delivery has lost its force, and the ob-* ligec can never after agree to it. It follows of course, that if the obligee assented to the delivery to the stranger, the delivery was good : and it must he considered theactand deed oftheobligor. (Newborn Bank v. Pugh, 1 Hawks 198. 1 Starkie on Evid. 333. Johnson v. Baker, 6 Eng. C. L. 479).
^ Assignments’ m£4e Insf1-a preference is ^ c°"^_ tors, are not ^“yf and were the question res pe^declared1'1 fraudulent,
But the judge was also of opinion, that the deed was void as to creditors dissenting therefrom, and seeking by regular process of law to subject the samé property to the payment of their just demands ; and that an intent to defraud such creditors was apparent on the face of the deed, and that it was the duty of the court to pronounce it fraudulent.
Deeds of trust are not often made by debtors that are quite solvent. They are commonly made with a view of better securing some creditors, and in preference of others. And were the question open, and of the first impression, I would probably coincide with the judge in this part of the case also. Because when a debtor has several equally meritorious creditors, and has not wherewith to satisfy them all, and he appropriates what he has to the satisfaction of some of them, to the exclusion of others, it is a step which may gratify his feelings, hut it cannot satisfy Hie reasonable demands of justice, orbe approved of by a correct sense of fair dealing. But the law on this subject has undergone too many editions, and taken too deep root, to admit of judicial remedy. It is a measure of justice, placed in the power of debtors, ■ in all the States of the Union, as far as I am informed. — . No doubt in the present case, the object of Creeey was to secure some creditors, and of course injure others. Still the creditors secured had a right to be paid their debts ; *136 and a deed of trust, made to effect that end, the law will not consider fraudulent. I sec nothing in the deed of trust that distinguishes it from the common case of trusts. I am therefore not prepared to say, that it carries on its face proof that it is fraudulent.
JPer Ham, J. Registration being required bylaw for tlie public benefit, & registers being officers ofthe public, if such officers are not provided, or if by their neglect a deed be not registered within the time prescribed, it is available without registration.
The next question that arises in this case is, whether as the deed of trust had not been registered in due time, on account of the death of the register it ought to be given in evidence. It will be admitted, that where two individuals enter into a contract, and one Of them is prevented, by the act of the other, from doing a thing which he stipulated to do for the benefit of the other, the latter can claim no advantage from the failure or omission. It will he admitted also, that the Legislature may contract with an individual; and that the Legislature is represented by its laws, its officers and its agents. And as far as such officers and agents act within the sphere of their official duty, they represent, and in fact are the legislative will. When they omit (loins gent has failed on its part. why something, stipulated to be done by an indi-no advantage can be taken of the thing which they ought to do, the Legislature by its a-And if the failure was the cause, vidual, was not done, omission by the Legislature. Otherwise, it would do that itself which it v ill not countenance in an individual.
Generally speaking, when a contract is established, each party is entitled to the benefit of it. But to some contracts, (and the present deed of trust is one of them,) policy has annexed another prerequisite — registration. In other words, a new contract is made between the grantee and the Legislature. The Legislature represents all other persons except the parties to the deed. All other persons are bound by their stipulations. What arc the stipulations in this case ? They are, (in order that no person may be defrauded by the deed of trust, but all may have notice of it,) that the Legislature shall appoint a register, whose duty it shall he to register the deed of trust, and the grantee shall in due time furnish the register with it for that purpose. Now as the Legislature has failed in providing an officer, the want of registrar tion is not to he imputed to the grantee. Nor ought the *137 defendant to derive any benefit from the failure; because the Legislature enacted the provision of registration for his benefit. And if through its omission, there was no register, lie cannot complain. The grantee is entitled to the benefit of the deed, as if no law for registration had been made. To exact from an individual an impossibility, as the only terms on which he should be entitled to the benefit of a contract, would bo to impair and destroy that contract.
I have read of a Roman Emperor, who suspended his laws so high, that it was with difficulty they could be read, for the purpose of entrapping his subjects, and collecting penalties. It would have answered the same purpose to enact, that the subject should do a particular thing, and then to have put it out of his power to do it, and claimed the penalty.
. I think this action is sustainable. The plaintiff had under the deed of trust the legal title to the property in question ; and the possession of Creecy was not adverse to it, but held under it, for the trustee.
Henderson, Chief-Justice, concurred with Hall, Judge.